UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENKA KOLOMA, a living Woman Upon the Land, one of the sovereign American people,<br><br>         Plaintiff,<br><br>v.<br><br>Members of the County of Orange In Individual and Official capacity And as agents: All Offices of Trust dba Karen L. Robinson dba KAREN L. ROBINSON; Todd A. Spitzer dba TODD A. SPITZER; Chad Kajfasz dba CHAD KAJFASZ; Bijan Mazarji dba BIJAN MAZARJI; and David H. Yamasaki dba DAVID H. YAMASAKI,<br><br>         Defendants. | Case No.: 23-CV-90 JLS (DDL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**<br><br>(ECF No. 9) |

   Presently before the Court is Defendants Todd A. Spitzer, Chad Kajfasz, and Bijan Mazarji's (collectively, the "Moving Defendants") Motion to Quash Service of Summons and Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Mot.," ECF No. 9). Plaintiff Lenka Koloma filed an Opposition to the Motion ("Opp'n," ECF No. 13), and

Moving Defendants filed a Reply in Support of the Motion ("Reply," ECF No. 16). Having considered the Parties' arguments and the law, the Court **GRANTS** Moving Defendants' Motion.

## BACKGROUND

Plaintiff filed the operative Complaint ("Compl.," ECF No. 1) on January 17, 2023. On March 13 and 15, 2023, Plaintiff filed several documents purporting to establish proof of service on all named Defendants pursuant to Federal Rule of Civil Procedure 4. *See* ECF Nos. 3, 4, 5, 6, 7. The proofs of service state that Douglas-William: Hysell served the summons upon all named Defendants via certified mail. *See id.* Plaintiff describes Mr. Hysell as her "assistant of counsel," although Mr. Hysell "is not an attorney." Opp'n at 1. Thereafter, Moving Defendants filed the instant Motion, arguing that they were not served properly under either federal or state law. *See generally* Memorandum of Points and Authorities in Support of Motion to Quash Service of Summons and Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Mem.," ECF No. 9-1).

## LEGAL STANDARD

"Pursuant to the Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Federal Rule of Civil Procedure 4 for serving a defendant." *Pathak v. Omaha Steaks Int'l, Inc.*, No. 10-7054 RSWL RZX, 2011 WL 1152656, at *1 (C.D. Cal. Mar. 28, 2011). Service of process on an individual is governed by Federal Rule of Civil Procedure 4(e). Relevant here, Federal Rule of Civil Procedure 4(e) permits service upon an individual by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). As the Complaint was filed in the Southern District of California, the summons could have been served by any method provided for by California law.

California law, unlike federal law, permits service of process upon an individual by mail. California Code of Civil Procedure § 415.30(a) provides that in order to serve an individual by mail, "[a] copy of the summons and of the complaint shall be mailed (by

first-class-mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Service by mail is "deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. § 415.30(c).

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "So long as a party receives sufficient notice of the complaint, Rule 4 is to be liberally construed to uphold service." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (internal quotations omitted).

**DISCUSSION**

Defendants contend that Plaintiff's service by mail was ineffective because Plaintiff "has not filed the requisite Acknowledgment of Receipt, nor has she established that a Notice and Acknowledgement of Receipt was ever provided to, signed, or returned by any [Moving Defendant]." Reply at 3. Plaintiff makes no argument to the contrary, instead contending that she does not need to comply with state law, as "all such statutes and codes" were rendered "null and void" when the California Constitution was repealed on November 8, 1960. Opp'n at 2.

Here, the Court finds that Plaintiff has failed to meet her burden of demonstrating that service was valid under Federal Rule of Civil Procedure 4(e). Plaintiff has not produced any evidence that she provided copies of the notice or acknowledgment of receipt to Moving Defendants, or that Moving Defendants returned to her written acknowledgement of receipt of summons. *See* Opp'n. Accordingly, service was not effected according to California law. *See Cristo v. U.S. Sec. & Exch. Comm'n*, No. 19CV1910-GPC(MDD), 2020 WL 2735175, at *5 (S.D. Cal. May 26, 2020) ("Under California law, service is valid only if the acknowledgement of receipt is completed and if the acknowledgement is returned to the sender." (citing *Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994) ("Although California law does permit service of a summons by mail,

such service is valid only if a signed acknowledgment is returned and other requirements are complied with[.]"); *Bovier v. Bridgepoint Education/Ashford Univ.*, Case No.: 3:17-cv-01052-GPC-JMA, 2017 WL 4922978, at *2 (S.D. Cal. Oct. 30, 2017) ("[T]he Court will quash Plaintiff's service of summons for failure to strictly comply with the notice and acknowledgment and return envelope requirements of Section 415.30."); *Sims v. Cantu*, No. 2:16-cv-0204 JAM AC P, 2019 WL 5549895, at *1 (E.D. Cal. Oct. 28, 2019) ("[S]ervice under § 415.30 is not complete until the acknowledgement of receipt is completed, and then only if the acknowledgement is returned to the sender.")). Moreover, Plaintiff makes no argument that she served the Moving Defendants in some other manner permitted by state or federal law. *See* Opp'n.

Plaintiff's contention that California law is null and void *in toto*, and, therefore, she need not comply with it, is frivolous and unsupported by any authority. Contrary to Plaintiff's argument, courts routinely require strict adherence to California's rules for service by mail. *Supra*; *see also Elizabeth Thomas v. Cadence Cap. Invs. LLC & William Rothacker, Jr.*, No. 2:22-CV-07944-SPG-SK, 2022 WL 19076791, at *2 (C.D. Cal. Dec. 8, 2022) (finding service ineffective where plaintiff's proofs of service were not accompanied by copies of "acknowledgment of receipt signed by an authorized individual"); *Austin v. Lyft, Inc.*, No. 21-CV-09345-MMC, 2022 WL 395310, at *3 (N.D. Cal. Feb. 9, 2022) (same); *Clancy v. Allstate Ins. Co.*, No. 20-CV-08668-BLF, 2021 WL 3861421, at *4 (N.D. Cal. Aug. 30, 2021) (same). Moreover, Federal Rule of Civil Procedure 4(e) permits service pursuant to state law, and Plaintiff makes no argument, nor could she with any credibility, that Federal Rule of Civil Procedure 4(e) is null and void as well.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Quash Service of Summons and Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) (ECF No. 9). If Plaintiff wishes to proceed with her claims against the Moving Defendants, she must properly serve them in accordance with the strictures of Federal Rule of Civil

Procedure 4 <u>within 30 days of the date of this Order</u>.  *See Pathak*, 2011 WL 1152656, at *1 (C.D. Cal. Mar. 28, 2011) ("If the Court determines that the plaintiff has not properly served the defendant in accordance with Federal Rule of Civil Procedure 4, the Court has discretion to . . . retain the action and quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant.").  Failure to properly serve Defendants in compliance with this Order will result in the dismissal without prejudice of Plaintiff's claims against Moving Defendants.

**IT IS SO ORDERED.**

Dated: May 4, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge