UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENKA KOLOMA, a living Woman Upon the Land, one of the sovereign American people,<br><br>                                  Plaintiff,<br><br>v.<br><br>Members of the County of Orange In Individual and Official capacity And as agents: All Offices of Trust dba Karen L. Robinson dba KAREN L. ROBINSON; Todd A. Spitzer dba TODD A. SPITZER; Chad Kajfasz dba CHAD KAJFASZ; Bijan Mazarji dba BIJAN MAZARJI; and David H. Yamasaki dba DAVID H. YAMASAKI,<br><br>                                Defendants. | Case No.: 23-CV-90 JLS (DDL)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(ECF No. 1) |

      On May 10, 2023, this Court ordered Plaintiff Lenka Koloma to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 19. As discussed in that Order, Plaintiff's Complaint fails to establish either diversity or federal question jurisdiction. *Id*. at 2–3. Plaintiff was warned that failure to establish

subject matter jurisdiction by May 26, 2023, would result in the dismissal without prejudice of this action. *Id.* at 4.

On May 25, 2023, Plaintiff filed a Response to the Court's Order ("Response," ECF No. 21). The Response attempts to establish this Court's diversity jurisdiction over this matter. Plaintiff argues that the amount in controversy is $21,485,000, and that Defendants "belong to a corporate state known as State of California," while Plaintiff is "one of the People of the California state, a constitutional republic." Response at 2. Plaintiff also asserts that Defendants are "14th Amendment U.S. citizens operating in commerce," while she is not. *Id.* Instead, Plaintiff identifies herself as "one of We the People, Californian[] and liv[ing] on the Land." *Id.*

District courts have "original jurisdiction" over civil actions where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "The party seeking to invoke federal jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that grounds for diversity exist, that diversity is complete, and [that] its claim is supported with 'competent proof' by a preponderance of the evidence." *Baja Devs. LLC v. Loreto Partners*, No. CV-09-756-PHX-LOA, 2010 WL 1758242, at *2 (D. Ariz. Apr. 30, 2010), *report and recommendation adopted sub nom. Baja Devs. LLC v. TSD Loreto Partners*, 2010 WL 2232196 (June 3, 2010); *see also Raghav v. Wolf*, 522 F. Supp. 3d 534, 546 (D. Ariz. 2021) ("It is presumed that a cause of action lies outside the Court's limited jurisdiction and, therefore, the burden of establishing subject matter jurisdiction is on the party bringing suit."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Diversity jurisdiction requires "that the parties be in complete diversity," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003), meaning "all plaintiffs must have citizenship different than all defendants," *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1057 (C.D. Cal. 2012). "In order to be a citizen of a State

within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857. A person's domicile is determined at the time the suit is filed and is based on a number of factors, including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Here, Plaintiff has failed to establish diversity jurisdiction over this matter. Plaintiff's distinction between the "corporate state known as State of California" and "the California state, a constitutional republic," is illusory. Plaintiff, therefore, has failed to put forth any evidence that all Defendants are citizens of states other than California, of which she claims citizenship. *See* ECF No. 19 at 2. Accordingly, complete diversity does not exist.

To the extent Plaintiff argues that Defendants are corporate entities and therefore diverse in citizenship from herself, the Court rejects this argument. Defendants are not corporate entities. They are natural persons, whom Plaintiff has sued in their individual and official capacities. *See* ECF No. 1. Even assuming Defendants were corporate entities, the Court's analysis would not change, as corporate entities are deemed citizens of their states of incorporation and principal place of business. *China Basin Properties, Ltd. v. One Pass, Inc.*, 812 F. Supp. 1038, 1040 (N.D. Cal. 1993). Plaintiff has failed to establish either citizenship criterion for any Defendant.

As Plaintiff has failed to demonstrate that this Court may properly exercise subject matter jurisdiction over this matter, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint within <u>thirty (30) days</u> of the date on which this Order is electronically docketed. Should Plaintiff elect to file an

amended complaint, it must cure the deficiencies noted herein and must be complete in itself without reference to Plaintiff's prior Complaint.[1]  *See* S.D. Cal. CivLR 15.1.  Any claims not realleged in the amended complaint will be considered waived.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).  ***Should Plaintiff fail to file an amended complaint within thirty (30) days of the date on which this Order is electronically docketed, the dismissal of her Complaint will be converted to a dismissal of this action with prejudice without further Order of this Court.***

**IT IS SO ORDERED.**

Dated: June 5, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[1] In light of the Court's dismissal of the Complaint, the Court's prior Order requiring Plaintiff to properly serve the Complaint on Defendants in accordance with Federal Rule of Civil Procedure 4 within 30 days of the date of that Order is **VACATED**.  *See generally* ECF No. 17.  Should Plaintiff opt to file an amended complaint, her amended complaint must be served on Defendants in accordance with Federal Rule of Civil Procedure 4.